CELINDA THURSTON, BY HER GUARDIAN, HORACE FIFIELD, v. THE ESTATE OF DAVID HOLBROOK, DECEASED.

*Settlement of estates of deceased persons. Appeal. Pauper.*

A claim was presented before commissioners on the estate of a deceased person, in favor of a person *non compos mentis*, who had no guardian, and the claim was disallowed by the commissioners, and so reported by them to the probate court. The person who had presented the claim in behalf of the claimant was then appointed her guardian, and as such took an appeal from the disallowance to the county court: *Held*, that the appeal was a ratification of the presentation of the claim before the commissioners, and a motion to dismiss the cause in the county court for want of jurisdiction was overruled.

H., who as overseer of the poor, had charge of the support of the plaintiff, who was a town pauper, and *non compos mentis*, and had no guardian, received in her behalf, a small legacy bequeathed to her, and in the discharge of his duties as overseer, paid out in a judicious manner a portion of this legacy for the plaintiff's support: *Held*, that H.'s estate was not liable to the plaintiff for the amount so paid out by him, but was liable for the balance in his hands at the time of his death.

APPEAL from the decision of the commissioners on the estate of David Holbrook, disallowing the plaintiff's claim. Plea, the general issue and offset, and trial by the court, at the June Term, 1857,—POLAND, J., presiding. The plaintiff claimed to recover the sum of forty-three dollars and eighteen cents, and interest thereon, which the intestate had received from the executor of Prudence Currier, who had devised that sum to the plaintiff, and for which the intestate gave his receipt, as overseer of the poor of the town of Washington, to said executor. It appeared that the plaintiff was *non compos mentis*, and was a pauper of the town of Washington, and was supported by that town; that one Jackson contracted with the town to support all their paupers for one year, from October 1st, 1854, at a certain price; that the intestate was the overseer of the poor during that year; that Jackson hired the plaintiff to be kept at ninety-two cents per week; that in 1854 or 1855 the plaintiff became entitled to the above mentioned legacy of forty-three dollars and eighteen cents; that the intestate received this legacy of the executor aforesaid, and gave his receipt therefor; that Jackson, on learning of this legacy, refused to support the plaintiff under his contract with

Thurston *v.* Estate of Holbrook.

the town, unless the legacy was applied towards the expenses of her support; that the intestate accordingly paid to Jackson twenty-five dollars out of the legacy on the 1st of May, 1855, which was sufficient to pay the contract price of supporting the plaintiff until October 1st, 1855 ; that the intestate died October 3d, 1855 ; that the plaintiff's claim was presented before the commissioners on the estate of the intestate, by Horace Fifield, who then acted simply as a friend or self-appointed agent of the plaintiff ; that at the time of the presentation of the claim before the commissioners, the plaintiff had no guardian, nor was any appointed until after the disallowance of the claim by the commissioners on the ground that there was no person who had legal authority to present the claim or to receive payment thereof : that Horace Fifield was appointed guardian on the 18th of June, 1856, after the return of the commission, and appealed from the decision of the commissioners.

In the county court the defendant moved to dismiss the case for want of jurisdiction, but the court overruled the motion, to which the defendant excepted. Upon the facts above stated, the county court rendered judgment for the amount of the intestate's receipt, deducting the twenty-five dollars paid by him to Jackson, and interest, to which both parties excepted.

*Peck & Colby*, for the plaintiff.

*D. K. Smith*, for the defendant.

PIERPOINT, J. This is an appeal from the decision of the commissioners on the estate of David Holbrook, disallowing the claim of the plaintiff.

The first question arises on the motion to dismiss. We think this motion should not prevail. The case shows that at the time the claim was presented before the commissioners, the person presenting it had no authority to present the claim from the plaintiff, she being a person *non compos mentis*, and having no guardian. Fifield, who acted for her, had not then been appointed her guardian, and it appears that the court disallowed the claim for that reason. If they had refused to consider the claim as

before them, and had taken no notice of it in their report, the case would have merited a different consideration, but having rendered a judgment disallowing the claim, and making their report accordingly, that judgment stands upon the records of the probate court like any other judgment of commissioners in cases where claims are disallowed. The reason assigned for the disallowance can make no difference. The force and effect of judgments do not depend on the soundness of the views that are given for them. The judgment on the face of the record is regular, appearing to have been rendered in a proceeding where the tribunal rendering it had jurisdiction of the subject matter and the parties, and this judgment must be regarded as binding and conclusive until it is set aside and vacated. In a proceeding for that purpose the facts that are made to appear in this case, if established there, might be regarded as sufficient to warrant the tribunal before whom the matter should be brought, in setting the judgment aside, but until that shall have been done, the judgment can not be regarded as a nullity, but is a judgment that may be made the foundation of an application to set it aside, or from which an appeal may be taken. Soon after the report was filed in the probate court, Fifield was appointed the guardian of the plaintiff, and was invested with full power to act in her behalf. When this was done it was competent for the guardian to take measures to have the judgment vacated by a direct proceeding for that purpose, or to treat it as a valid judgment and give it force and effect as such, by taking an appeal therefrom; thus waiving all objection to the form of the proceeding before the commissioners, and virtually adopting and ratifying the act by which the claim was presented to them as his own. If Celinda Thurston had been of sound mind, and a friend had presented her claim before the commissioners, without authority, as in this case, and the commissioners had disallowed it for any cause, no one we think would doubt her right to appeal before the probate court, recognize the proceedings and take an appeal, and after having done so we think it clear that neither she nor any one else, could take advantage of the fact that the claim was originally presented to the court without her authority. Until the judgment of the court is in some form vacated it stands as an insuperable barrier in the

way of any other proceedings to obtain an allowance of the claim. While by the statute the right of appeal remains, there is no way in which this impedient can be so readily and effectually removed as by an appeal, which brings the whole subject matter and the parties before the county court, where the question in issue can be litigated without being in any manner prejudiced or affected by the prior proceedings. And if a person of sound mind could so ratify the proceedings, we see no good reason why in this case, when the guardian was appointed, he could not do the same thing in this respect that the ward might have done if she had been of sound mind. To dismiss this case would leave the judgment of the court in full force, unappealed from, and if that could be set aside, the estate of Holbrook may, in the mean time, be fully settled, the power of the probate court to open the commission put at an end, and the plaintiff left wholly without remedy. We think the motion to dismiss was properly overruled.

The county court rendered judgment for the plaintiff to recover the amount of the forty-three dollars and eighteen cents, less the twenty-five dollars expended in the support of the plaintiff. To this both parties excepted. The receipt of the money by Holbrook, confessedly for the use of the plaintiff, is sufficient to render him liable in this action. When Holbrook received the money belonging to the plaintiff, she was being supported by the town of Washington and the town had contracted with one Jackson for her support, together with that of the other paupers, for the year. Holbrook was the overseer of the poor for that town. When Jackson heard that the plaintiff had this money in Holbrook's hands, he refused to support her any longer under his contract, unless this money could be applied towards her support, at the same rate per week that he had contracted for her keeping. Thereupon Holbrook applied twenty-five dollars of the money for that purpose. Nothing appears but that the money was judiciously expended for her support. The person who had contracted for the support of the poor of the town for the year, had refused to support her, on the ground that she had the means for the time being to support herself. Holbrook, the overseer, would have been justified in refusing to continue to support her for the same reason, and we think the fair inference is, that he did so, inas-

much as he did not insist upon Jackson's supporting her under his contract, but applied her money in his hands for that purpose, and this we think he might do under the circumstances without making himself liable to refund it, so long as it appears that it was properly and judiciously applied to her necessary support. She has in fact received the full value of her money as much so as though it had been paid in money to her, or expended under the authority and direction of a guardian. We think that under such circumstances it would be clearly unjust and inequitable to require its re-payment, and we think it equally clear that his estate should be made chargeable for the balance remaining in his hands at the time of his death.

The result is, the judgment of the county court is affirmed.